In the Matter of PETER D. KOLBRENER (Admitted as PETER DENKER KOLBRENER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 25, 1993

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained the four

charges of professional misconduct against the respondent. The petitioner moves to confirm the report of the Special Referee. The respondent has submitted a response on the issue of discipline, requesting that he be censured for his misconduct.

Charge One alleged that the respondent neglected a legal matter entrusted to him. The respondent was retained by Pauline Turansky, in or about July 1984, to represent her in an action against Nassau County Medical Center arising from the death of her daughter, Lenore. The respondent prepared and served a summons and complaint in or about July 1985. The defendants in that action moved to dismiss the complaint on or about August 29, 1985. The respondent failed to file any papers in opposition to the motion to dismiss, which was granted on or about September 3, 1985. The respondent took no steps to set aside the order of dismissal.

Charge Two alleged that the respondent neglected another legal matter entrusted to him. The respondent was retained by Daniel Umanoff, M.D., in or about May 1985, to represent him in an action against Mercy Hospital, arising from the denial of staff privileges. The respondent prepared and served a summons and complaint in or about December 1985. The defendants in that action moved to dismiss the action on or about April 25, 1986. The respondent failed to submit any papers in opposition to the motion to dismiss and that motion was granted on or about September 22, 1986. The respondent took no steps to set aside the order of dismissal.

Charge Three alleged that the respondent neglected another legal matter entrusted to him. The respondent was retained, in or about February 1982, to represent John and/or Gus Braketselos in an action against the City of New York, arising from an alleged wrongful demolition of property. The court dismissed the action for failure of proof on or about June 26, 1986. Judgment was entered against the respondent's clients on or about December 30, 1986. Although a notice of appeal was filed on or about January 23, 1987, the respondent failed to perfect the appeal in a timely manner. In consequence of the respondent's neglect, the defendant's motion to dismiss the appeal was granted on or about October 27, 1988.

Charge Four alleged that the respondent has been guilty of conduct that adversely reflects on his fitness to practice law and is prejudicial to the administration of justice. On August 17, 1989, petitioner Grievance Committee forwarded to the

respondent a copy of the complaint of Leon Melideo, D.D.S., with a request that he submit a written answer within 10 days. The respondent failed to submit a written answer, notwithstanding the request.

The Grievance Committee sent the respondent a follow-up letter on September 25, 1989, directing him to respond within 10 days. The respondent again failed to reply.

The Grievance Committee informed the respondent, by letter dated October 30, 1989, that it had commenced a *sua sponte* investigation into his alleged failure to cooperate with it and directed the respondent to submit, within 10 days, a written explanation of his failure to cooperate and a separate written answer to the allegations of Dr. Melideo's complaint. The respondent submitted neither a written explanation for his failure to cooperate, nor an answer to the complaint.

As a result of the respondent's persistent failure to cooperate, the Grievance Committee sent him another letter on or about November 17, 1989. The respondent ultimately responded.

The respondent stipulated to the factual allegations of the petition but denied that he had thereby violated the disciplinary rules.

After reviewing all of the evidence adduced, we find that the respondent is guilty of the four charges of professional misconduct outlined above and that the Special Referee properly sustained those charges. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration both the mitigating circumstances advanced by the respondent and the respondent's prior disciplinary history, which includes two Letters of Admonition.

Under the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, SULLIVAN, ROSENBLATT and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Peter D. Kolbrener, is suspended from the practice of law for a period of one year, commencing February 25, 1993, and continuing until the further order of this Court, with leave to the respondent to

apply for reinstatement no sooner than six months prior to the expiration of the said period of one year, should he be so advised, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Peter D. Kolbrener, is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.